IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIPS HEALTHCARE,<br>*a division of Philips North America, LLC* : : : CIVIL ACTION<br>v. : : NO. 19-2143<br>GATEWAY RADIOLOGY CONSULTANTS,<br>P.A., PM RADIOLOGY, LLC, GAGANDEEP S.<br>MANGAT, M.D., and VIMAL H. PATEL, M.D. : : : | |

## MEMORANDUM

**SURRICK, J.**                                                                 JANUARY __14__, 2020

Presently before the Court are *pro se* Defendant Gagandeep S. Mangat, M.D.'s Motion to Dismiss Complaint (ECF No. 10) and *pro se* Defendant Vimal H. Patel, M.D.'s Motion to Dismiss Complaint (ECF No. 12). For the following reasons, Defendants' Motions will be denied.

Plaintiff filed a Complaint in Confession of Judgment on May 15, 2019. (Compl., ECF No. 1.) A copy of the Summons and Complaint were served on Defendants Gagandeep S. Mangat, M.D. and Vimal H. Patel, M.D. ("Moving Defendants") on October 3, 2019, 141 days later. (ECF Nos. 5 & 6.) Moving Defendants filed nearly identical motions to dismiss on October 15, 2019 (ECF Nos. 10 & 12), asserting that the Complaint should be dismissed under Federal Rule of Civil Procedure 4(m), which states in relevant part that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff opposes the motions, arguing that the ordinary service of process

rules do not apply to confession of judgment complaints. Plaintiff is correct.

"Under Pennsylvania law, parties may, in certain circumstances, create a contract with an automatic right to a money judgment upon a party's default." *S&T Bank v. Zokaites*, No. 10-1748, 2011 WL 1298171, at *1 (W.D. Pa. Mar. 31, 2011). This is known as a confessed judgment, which, "by its very nature, is a final judgment under Pennsylvania law." *Id*. at *2 (citing Pa. R. Civ. P. 2956). "Once a complaint in confession of judgment is filed, the prothonotary is required to enter judgment in conformity with the confession. A confession of judgment is then a very powerful tool because it places the power to enter an immediate judgment in the hands of one party to a contract." *Id*. at *1 (internal citation omitted). Federal courts may entertain confessions of judgment on the basis of diversity jurisdiction. *See id*. at *2. Plaintiff's Complaint alleges diversity jurisdiction. (Compl. ¶¶ 3-8.)

"The right to enter judgment upon a confession contained in an instrument is a common-law right which may be exercised without the necessity of suit, i.e., service of process, pleading and judicial determination." *FDIC v. Steinman*, 53 F. Supp. 644, 651 (E.D. Pa. 1943). With regard to the interplay between this common law right and the Federal Rules of Civil Procedure,

> The Federal Rules of Civil Procedure do not include the exercise of the contractual right to enter judgment by confession. *The agreement to confess judgment obviates the necessity for a formal commencement of action, service of process, pleading, a trial of the issues and judicial determination thereof.* An authorization to confess judgment is in fact a waiver of the provisions of the aforesaid Rules governing the steps taken through the rendition of judgment as to the amount of the debt which is due. Such a waiver is in no way incompatible with the Rules which, to the extent they have not been waived, continue in effect as to the Clerk's ministerial duty of recordation or entry of the confessed judgment, and as to any post judgment proceedings such as stay of enforcement, execution, relief from judgment, appeal, etc.

*Nat'l Leasing Corp. v. Williams*, 80 F.R.D. 416, 418-19 (W.D. Pa. 1978) (emphasis added);

*accord Beneficial Mutual Savings Bank v. Philippopoulos*, No. 11-2348, 2012 WL 3235165, at *2 n.6 (E.D. Pa. Aug. 8, 2012). In *Philippopoulos*, the defendant objected to improper service of process of a confession of judgment complaint. The court rejected the challenge, reasoning that by authorizing the confession of judgment, the defendant "waived her right to challenge entry of confessed judgment based on lack of service," and "requiring formal service of the Complaint would be inconsistent with the essential purpose of the [confessed judgment]." *Id*.

Here, according to the Complaint and agreements appended to the Complaint, Moving Defendants similarly agreed to allow Plaintiff to enforce the confessed judgments "without prior notice or opportunity for a hearing." (Compl. Exs. H & I.) Moreover, as in *Philippopoulos*, Moving Defendants do not claim that their waivers are invalid or unenforceable. *See* 2012 WL 3235165, at *2.

Since Moving Defendants have waived their right to demand adherence to the notice and service rules under Rule 4, their Motions will be denied.

An appropriate order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.